IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHLEEN A. HEINZE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 08-672-GPM |
| | ) |
| SOUTHERN ILLINOIS HEALTHCARE | ) |
| d/b/a Herrin Hospital, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This matter is before the Court on a motion to dismiss for failure to state a claim upon which relief can be granted brought by Defendant Southern Illinois Healthcare d/b/a Herrin Hospital ("SIH") (Doc. 34).[1] According to the allegations of the operative complaint in this case, Plaintiff Kathleen A. Heinze commenced employment with SIH in April 2000 when she was hired as Dietary Department Manager of Franklin Hospital, which was managed by SIH. In May 2002 Heinze became the manager of the Food and Nutrition Department of Herrin Hospital in Herrin, Illinois. On Friday, May 9, 2008, Heinze was informed by her doctor that she needed to take eight weeks of medical leave due to an illness, effective that day. Later that same day, Heinze informed Teresa Lovellette, the Human Resources Manager for Herrin Hospital, that she was

---

1. According to SIH's brief in support of its motion to dismiss, its correct name is "Southern Illinois Hospital Services d/b/a Herrin Hospital." In this Order the Court refers to Defendant as it is denominated in Heinze's complaint and on the docket of this case, as there is no likelihood of confusion by doing so.

requesting eight weeks of medical leave pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, effective May 9, 2008, and gave Lovelette a note from Heinze's doctor confirming Heinze's need for medical leave. The same day Heinze notified by e-mail her immediate supervisor, Christina Carney, the Administrative Director of Herrin Hospital, and Becky Ashton, the Hospital Administrator, that she was requesting FMLA medical leave for herself effective that day and that she had given Lovellette a doctor's note confirming Heinze's need for medical leave. The following day, Saturday, May 10, 2008, Heinze informed other members of the staff of Herrin Hospital that she would be on medical leave for the next eight weeks.

On May 13, 2008, Carney sent Heinze a letter stating that Heinze's employment with SIH was terminated effective May 18, 2008. The letter informed Heinze that she was not to return to work and that she was to pick up her personal belongings from her office no later than May 23, 2008; Heinze received the termination letter at her home on or about May 16, 2008. On or about May 21, 2008, SIH approved Heinze's medical leave and gave her eight weeks of paid leave from May 9, 2008, through July 4, 2008. SIH replaced Heinze, who was fifty-seven at the time of her termination, with a male employee who was eleven years younger than Heinze and who had less education and job experience than Heinze had. Heinze's operative complaint in this case asserts the following claims against SIH: violation of the FMLA (Count I); employment discrimination on the basis of gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq*. (Count II); and employment discrimination on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the IHRA (Count III). SIH in turn has

moved to dismiss Heinze's demand in her operative complaint for certain damages that are unavailable under the FMLA and the ADEA. Additionally, SIH seeks dismissal of Heinze's claims under Title VII, the ADEA, and the IHRA for failure to state a claim upon which relief can be granted. The motion has been fully briefed, and the Court rules as follows.

## II. Discussion

As an initial matter, the Court notes the standard under which it must evaluate the instant motion to dismiss. In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002); *Whitwell v. Wal-Mart Stores, Inc.*, Civil No. 09-513-GPM, 2009 WL 4894575, at *2 (S.D. Ill. Dec. 11, 2009); *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *8 (S.D. Ill. Sept. 17, 2009). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Morrison v. YTB Int'l, Inc.*, 641 F. Supp. 2d 768, 773 (S.D. Ill. 2009); *Brown v. SBC Commc'ns, Inc.*, No. 05-cv-777-JPG, 2007 WL 684133, at *2 (S.D. Ill. Mar. 1, 2007). A complaint should not be dismissed unless it either fails to provide adequate notice – as has been required consistently under Rule 8 of the Federal Rules of Civil Procedure – or does not contain "enough facts to state a claim to relief that is plausible on its face," that is, the claim has not been "nudged . . . across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation

to provide the . . . grounds . . . of his . . . entitle[ment] to relief . . . requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do[.]" *James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 (S.D. Ill. Aug. 19, 2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

The Court turns then to the matter of Heinze's pleading of damages. In Count I of Heinze's operative complaint, Heinze asserts as part of her FMLA claim that she has suffered "emotional distress, humiliation, and embarrassment" as a result of SIH's alleged misconduct and prays for compensatory damages for "emotional distress, embarrassment, and humiliation" as well as punitive damages. Doc. 32 ¶¶ 12-13. Count III, Heinze's claim under the ADEA, contains identical allegations regarding compensatory damages for emotional distress and punitive damages. *See id*. ¶¶ 24-25. As SIH points out in its motion to dismiss, neither the FMLA nor the ADEA authorizes awards of damages for emotional distress or punitive damages. *See Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 773 (7th Cir. 2002) (under the ADEA, "[p]laintiffs may not . . . recover money damages for pain and suffering, nor may they obtain punitive damages."); *Cianci v. Pettibone Corp.*, 152 F.3d 723, 728-29 (7th Cir. 1998) (finding that where the plaintiff suffered no loss of income and no costs, the FMLA did not offer any form of relief in compensatory or punitive damages); *Downey v. C.I.R.*, 33 F.3d 836, 839 (7th Cir. 1994) (citing *Pfeiffer v. Esses Wire Corp.*, 682 F.2d 684, 687-88 (7th Cir. 1982)) ("ADEA litigants cannot recover damages for either pain and suffering . . . or for emotional distress[.]"); *Breneisen v. Motorola, Inc.*, No. 02 C 50509, 2009 WL 1759575, at *7 (N.D. Ill. June 22, 2009) ("The remedies available under the FMLA do not include damages for emotional distress or punitive damages."); *Hite v. Biomet*, 53 F. Supp. 2d 1013, 1024 n.13 (N.D. Ind. 1999) ("[T]he cases which have addressed

the issue . . . [have] uniformly determined that an FMLA plaintiff is not permitted to recover either emotional damages or punitive damages.") (collecting cases).  In her response to SIH's motion to dismiss Heinze concedes that she may not recover damages for emotional distress or punitive damages under either the FMLA or the ADEA and requests leave to amend her complaint to omit any demand for such damages from her claims under the FMLA and the ADEA, a request that the Court will grant.

Finally, the Court turns to the meat of SIH's motion, its contention that Heinze has failed adequately to allege either gender discrimination or age discrimination for purposes of her claims under Title VII, the ADEA, and the IHRA.  To establish a prima facie case of gender discrimination under Title VII and age discrimination under the ADEA, Heinze must establish the following elements:  (1) she is a member of a protected class; (2) she was meeting her employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly-situated individuals who are not members of her protected class.  See *Barricks v. Eli Lilly & Co.*, 481 F.3d 556, 559 (7th Cir. 2007); *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 696 (7th Cir. 2006); *Whittaker v. Northern Ill. Univ.*, 424 F.3d 640, 647 (7th Cir. 2005); *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005); *Mason v. City of Chicago*, 436 F. Supp. 2d 946, 953 (N.D. Ill. 2006).  Similarly, to establish a prima facie case of sex discrimination or age discrimination under the IHRA, Heinze must prove that:  (1) she is a member of a protected class; (2) she was performing her job satisfactorily; (3) she was discharged despite the adequacy of her work; and (4) similarly situated employees who were not members of the protected group were not discharged.  See *Anderson v. Chief Legal Counsel, Ill. Dep't of Human Rights*, 778 N.E.2d 258, 262 (Ill. App. Ct. 2002); *Kalush v. Illinois Dep't of Human Rights Chief Legal Counsel*,

700 N.E.2d 132, 141 (Ill. App. Ct. 1998); *Southern Ill. Clinic, Ltd. v. Human Rights Comm'n*, 654 N.E.2d 655, 659-60 (Ill. App. Ct. 1995); *ISS Int'l Serv. Sys., Inc. v. Illinois Human Rights Comm'n*, 651 N.E.2d 592, 597 (Ill. App. Ct. 1995); *Marinelli v. Human Rights Comm'n*, 634 N.E.2d 463, 469 (Ill. App. Ct. 1994).  However, to plead adequately a claim of gender discrimination or age discrimination, Heinze must allege rather less.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff in an employment discrimination case need not allege facts corresponding to each element of a prima facie case of gender discrimination or age discrimination.  *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002) ("The prima facie case [of employment discrimination] . . . is an evidentiary standard, not a pleading requirement.").  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).  In short, fact pleading not required in federal court.  In the specific context of claims of employment discrimination, the United States Court of Appeals for the Seventh Circuit instructed recently that "a plaintiff alleging employment discrimination . . . may allege these claims quite generally."  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).  "A complaint need not 'allege all, or *any*, of the facts logically entailed by the claim,' and it certainly need not include evidence."  *Id*. (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)) (emphasis in original).  "Indeed, '[l]itigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's *proof* leads to windy complaints and defeats the function of [Rule 8 of the] Federal Rule[s] of Civil Procedure[.]'"  *Id*.

(emphasis in original). The *Tamayo* court proceeded to "reaffirm[ ] the minimal pleading standard for simple claims of race or sex discrimination." *Id*. at 1084. Under that minimal pleading standard, "in order to prevent dismissal under Rule 12(b)(6), a complaint alleging [employment] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [protected status]." *Id*. "[O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her [protected status], there is no further information that is both easy to provide and of clear critical importance to the claim." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007). Here, as already has been discussed, Heinze alleges that she is female and over fifty years old, that she worked for SIH for approximately eight years (giving rise to an inference that she performed her job satisfactorily), and that SIH took an adverse action against her based on her gender and her age, namely, terminating her. She further alleges that a less-qualified male employee eleven years younger than her took her place. Heinze has pled enough facts to state a plausible claim for discriminatory discharge on the basis of her gender and her age. *See Tamayo*, 526 F.3d at 1085-86 (the plaintiff adequately stated a sex-discrimination claim sufficient to withstand Rule 12(b)(6) scrutiny where she alleged that she is female, she suffered an adverse employment action, the defendant discriminated against her based on her sex, and similarly situated male employees were treated more favorably). The Court concludes that Heinze has pled enough facts to show that her claim of gender discrimination and age discrimination indeed is plausible and to "provide the defendant[ ] with sufficient notice to begin to investigate and defend against her claim." *Id*. at 1085. SIH's Rule 12(b)(6) request for dismissal of Heinze's claims under Title VII, the ADEA, and the IHRA for failure to state a claim upon which relief can be granted will be denied.

### III. CONCLUSION

SIH's motion to dismiss (Doc. 34) is **GRANTED in part and DENIED in part**. SIH's motion is **GRANTED** as to Heinze's demand for compensatory damages for emotional distress and punitive damages under the FMLA and the ADEA. SIH's motion is **DENIED** as to dismissal of Heinze's claims for gender discrimination and age discrimination under Title VII, the ADEA, and the IHRA. Heinze is **ORDERED** to file a second amended complaint that omits any demand for compensatory damages for emotional distress and punitive damages under the FMLA and the ADEA not later than ten (10) days from the date of entry of this Order.

**IT IS SO ORDERED.**

DATED:  January 19, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge